Ward agt. Kalbfleish.

---

## SUPREME COURT.

ELIJAH WARD, resp't agt. MARTIN KALBFLEISH, appellant.

An *amendment* of a complaint relates back to the *commencement of the action,* which saves the *statute of limitations* from attaching to a cause of action not embraced in the original complaint.

An *erroneous decision* of a referee, which is against the *respondent,* is no cause for the *reversal* of the judgment. Where there is a legal ground for the *reversal* of a judgment, the court is not authorized to sustain it, for the reason that an *equivalent error* has been committed against the respondent.

Ward agt. Kalbfleish.

*New York General Term, June, 1861.*

*Before* CLERKE, SUTHERLAND *and* ALLEN, *Justices.*

APPEAL from a judgment at special term, entered on report of a referee.

By the court, ALLEN, Justice. From a careful reading of the evidence, in connection with the findings of facts and conclusions of law embodied in the case, it is very evident that the plaintiff has been less careful in looking after the settlement of the case than he would have been had the interests of a client, rather than his own interests, been involved. The case does not, I am convinced, correctly set forth the decisions of the referee; and, perhaps, if the parties had complied with the rules of the court, and printed as a part of the case the judgment roll, including the report of the referee, we should have had something by which to correct the case as settled. But as the plaintiff himself, a counsellor of this court, has accepted the case as properly settled, and consented to thus argue the appeal upon an imperfect record, we may very properly give judgment upon the papers, with which he is content.

The case, as settled, makes the referee find that the claim for services in the Leland and Tracy suit were performed between May 1, 1850, and March 1, 1851, and there is no evidence in the case to show that the services terminated before March, 1851. The action was commenced September 16, 1856, less than six years after the last service rendered, and at the time of the commencement of the action was not barred by the statute of limitations. But the referee held upon the trial, that the original complaint did not embrace this claim, and in August, 1857, it was so amended as to include it, and the trial proceeded upon the complaint as amended, and an answer to it; and the case makes the referee decide that the claim is barred because more than six years had elapsed after the cause of action had accrued, and before it was admitted into the complaint

by the amendment.  I think the case does the referee injustice, for the amendment relates back to the commencement of the action, and makes the complaint as if it had been originally drawn as amended.  Suppose the summons had been served as it was in September, 1856, and no complaint had been served until 1857, the statute of limitations and a defence under it would have had respect to the commencement of the action, rather than the service of the complaint or the issue joined in the action.  Amendments are not unfrequently allowed rather than nonsuit the plaintiff, to save a cause of action from the effect of the statute of limitations.  Assuming that the referee decided as represented, the decision was erroneous; but this error was against the plaintiff, and is not, therefore, cause for reversal of the judgment.  Another claim, however, which was allowed to the plaintiff by the referee, was clearly barred by the statute of limitations, that for services in the action in the justices' court, the last services in which was rendered April 29, 1850, more than six years before the commencement of the action.  From the amount of the judgment the evidence of the value of the different services, but for the positive statement in the case, my impression would have been that the referee had in truth allowed the plaintiff for all the services claimed, except for those in the justices' court, and that the fifty dollars rejected as barred by the statute of limitations was for the latter.  In that view the judgment would be right, but we must take the case as it is; and for the error apparent, in the allowance of the claim for services barred by the statute, the judgment must be reversed.  We are not permitted to sustain the judgment, for the reason that an equivalent error has been committed against the plaintiff.

Judgment must be reversed and a new trial granted. costs to abide event.